Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN FAICAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>GC SERVICES LIMITED PARTNERSHIP and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   KEVIN FAICAN
   158 E Jersey Street
   Elizabethport, New Jersey 07206

   GC SERVICES LIMITED PARTNERSHIP
   6330 Gulfton,
   Houston, Texas 77081

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, GC SERVICES LIMITED PARTNERSHIP ("GC SERVICES") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.  As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.  Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.  GC SERVICES maintains a location at 6330 Gulfton, Houston, Texas 77081.

8.  GC SERVICES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.  GC SERVICES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal

Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All consumers who were sent letters and/or notices from GC SERVICES, in the form attached as Exhibit A, concerning a balance claimed due of $30 or less which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50)

persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to January 14, 2019, Plaintiff allegedly incurred a financial obligation to DISH NETWORK ("DISH").

19. The DISH obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the DISH obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The DISH obligation did not arise out of a transaction that was for non-personal use.

22. The DISH obligation did not arise out of a transaction that was for business use.

23. The DISH obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. DISH and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or before January 14, 2019, the DISH obligation was referred to GC SERVICES for the purpose of collection.

26. At the time the DISH obligation was referred to GC SERVICES the DISH obligation was past due.

27. At the time the DISH obligation was referred to GC SERVICES the DISH obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28. Defendants caused to be delivered to Plaintiff a letter dated January 14, 2019, which was addressed to Plaintiff and sought a balance of $25.85. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The January 14, 2019 letter was sent to Plaintiff in connection with the collection of the DISH obligation.

30. The January 14, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read the January 14, 2019 letter.

32. The January 14, 2019 letter stated in part:

> While we have not reported this account to any consumer reporting agency as of the date of this letter, our client has authorized us to report your account to the three major consumer reporting agencies unless we are able to resolve your account.

>However, if you are able to pay the balance due at this time, please send us your payment using the enclosed envelope.

33. The January 14, 2019 letter also stated in part:

> **This communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.**

34. The time period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

35. Pursuant to 15 U.S.C. § 1681c et seq., the time period is generally limited to 7 years ("7 year reporting period").

36. During that 7 year reporting period, creditors and other furnishers of credit information to credit bureaus must report accurate information, including whether a debt has been paid or not.

37. Defendant's letter falsely represents and/or implies that Defendant had authorization to report the DISH obligation to a consumer reporting agency as of January 14, 2019.

38. Defendant's letter falsely represents and/or implies that Defendant would report the DISH obligation to a credit reporting agency at some point in time after January 14, 2019 unless Plaintiff resolved the DISH obligation.

39. As of April 23, 2019, Defendant had not reported the DISH obligation to any credit reporting agency.

40. As of April 23, 2019, Plaintiff had not resolved the DISH obligation.

41. GC SERVICES knew or should have known that its actions violated the FDCPA.

42. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

 (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

 (b) Creating a false sense of urgency;

 (c) Using a false representation of the character or status of a debt;

 (d) Using any false representation or deceptive means to collect or attempt to collect any debt; and

 (e) Threatening to take an action that cannot legally be taken or that is not intended to be taken.

44. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

45. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

47. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

48. Defendant's collection letters and/or notices would cause the least sophisticated consumer to believe that unless a payment arrangement or a full payment was received, the obligation would be reported to a credit reporting agency..

49. Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5) and § 1692(10).

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

52. Defendants' false, deceptive and misleading statements would cause the least sophisticated consumer to believe that unless a payment arrangement or a full payment was received, the obligation would be reported to a credit reporting agency.

53. Defendants' false, deceptive and misleading statements would cause the least sophisticated consumer to believe that Defendant already had authorization as of the date of its letter to make a reporting to a credit reporting agency.

54. Defendants' false, deceptive and misleading statements would cause the least sophisticated consumer to believe that there was a sense of urgency to act to prevent the reporting of the debt to a credit reporting agency.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that unless a payment arrangement or a full payment was received, the obligation would be reported to a credit reporting agency.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that Defendant already had authorization as of the date of its letter to make a reporting to a credit reporting agency.

57. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

58. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character or legal status of a debt.

59. Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by.making a false representation of the character or legal status of the debt as described herein.

60. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take an action that cannot legally be taken or that is not intended to be taken.

61. Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken as described herein

62. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. Defendants' conduct as described herein constitutes false representation or deceptive means to collect or attempt to collect any debt.

64. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

68. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 27, 2019                                       Respectfully submitted,

                                                    By:        *s/ Ben A. Kaplan*
                                                               Ben A. Kaplan, Esq. (NJ 0337712008)
                                                               CHULSKY KAPLAN, LLC
                                                               280 Prospect Avenue, 6G
                                                               Hackensack, New Jersey 07601
                                                               Phone (877) 827-3395 ex 102
                                                               Cell Phone: (201) 803-6611
                                                               Fax: (877) 827-3394
                                                               ben@chulskykaplanlaw.com
                                                               Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 27, 2019

                                                               *s/ Ben A. Kaplan*
                                                               Ben A. Kaplan, Esq. (NJ 0337712008)
                                                               CHULSKY KAPLAN, LLC
                                                               280 Prospect Avenue, 6G
                                                               Hackensack, New Jersey 07601
                                                               Phone (877) 827-3395 ex 102
                                                               Cell Phone: (201) 803-6611
                                                               Fax: (877) 827-3394
                                                               ben@chulskykaplanlaw.com
                                                               Attorneys for Plaintiff